IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 99-910-PHX-RGS |
| ) | |
| Plaintiff-Respondent ) | CV 04-0646-PHX-RGS (ECV) |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Francis Martinez, ) | |
| ) | |
| Defendant-Movant. ) | |
| ) | |

TO THE HONORABLE ROGER G. STRAND, SENIOR UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #38). On June 2, 2000, pursuant to a plea agreement, Movant pleaded guilty to three counts of Assault with a Dangerous Weapon in violation of 18 U.S.C. § 113(a)(3) and one count of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Doc. #29. On September 12, 2000, Movant was sentenced to 60 months for each of the three assault convictions, with the terms to run concurrent to each other. Id. He was also sentenced to 84 months for the firearm conviction, that term to run consecutive to the terms imposed in the other three counts. Id. Movant was also sentenced to 36 months of supervised release following his release from prison. Id.

On August 9, 2004, Movant filed the instant Motion to Vacate (Doc. #38). Movant alleges in the motion that his sentence was imposed in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). On October 6, 2004, Movant filed a Motion to Amend and Supplement (Doc. #44) which raises ineffective assistance of counsel as an additional ground for relief. In lieu of an answer, Respondent United States filed a Motion to Dismiss (Doc. #46) on April 8, 2005. Movant did not file a response to the motion to dismiss or a reply in support of his motion to vacate.

## DISCUSSION

Respondent contends in its motion to dismiss that Movant's motion and supplement are barred by the one year limitation period in 28 U.S.C. § 2255. The limitation provision of the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the judgment of conviction was filed on September 25, 2000. Doc. #29. Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal by a defendant must be filed within ten days of the judgment. Movant's judgment of conviction became final after the tenth day passed without a notice of appeal, on or about October 7, 2000. Thus, Movant's § 2255 motion had to be filed no more than one year later, by October 7, 2001. Movant filed his motion on August 9, 2004, nearly three years after his judgment of conviction became final. Accordingly, unless the time to file was extended based on one of the above provisions, Movant's § 2255 motion is untimely.

1   Movant does not allege that governmental action caused an impediment that prevented him from filing his motion. Nor does Movant contend that the facts on which his claims were based could not have been discovered earlier. The only provision that could arguably apply here is a right newly recognized by the Supreme Court.

Movant contends that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, however, was decided on June 26, 2000, more than two months before Movant was sentenced and three months before his conviction became final. Because the limitation period runs from the latest of the date the judgment of conviction becomes final or the date of a newly recognized right by the Supreme Court, the new rule announced in Apprendi does not extend the limitation period here.[1]

Movant also contends that his sentence was imposed in violation of the rule announced in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). In Blakely, the Supreme Court explained that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 124 S.Ct at 2537 (citations omitted) (emphasis in original). Thus, a judge may not impose a sentence in excess of what the jury's factual findings or the defendant's own admissions allow. See id.

Movant's Blakely claim may not be raised on collateral review. The Ninth Circuit recently held that the new rule announced in Blakely "does not apply retroactively to a

---

[1] Even if the limitation provision did not preclude consideration of this claim, the claim would fail on the merits in light of Movant's plea agreement. Movant contends that the facts supporting his sentencing enhancements "were neither admitted by the petitioner nor found by the jury." Doc. #38 at 2. While the latter part of this statement is true since there was no jury, Movant's claim that he did not admit these facts is simply false. The factual basis that Movant admitted to in the plea agreement provides the necessary basis to impose the sentence enhancements. Doc. #25 at 6-8.

- 3 -

conviction that was final before that decision was announced." Schardt v. Payne, 2005 WL 1593468, at *11 (9th Cir. July 8, 2005). The same court had previously recognized that the Supreme Court has not made Blakely retroactive to cases on collateral review. Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). The Ninth Circuit's decision is consistent with other federal circuits. See, e.g., United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) ("[W]e hold that Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004."); United States v. Green, 397 F.3d 101, 103 (2nd Cir. 2005) (neither Booker nor Blakely apply retroactively on collateral review). Because the new rule in Blakely is not retroactive to cases on collateral review, the limitation period in § 2255 is not extended here.[2]

Finally, Movant contends in his motion to amend and supplement (Doc. #44) that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. Movant filed this motion on October 6, 2004, four years after his judgment of conviction became final and three years after the limitation period expired. He presents no basis for the limitation period to be extended to encompass his ineffective assistance claim and the court finds no such basis. As a result, granting Movant permission to supplement his original motion to raise such a claim would be futile.

For the foregoing reasons, the court finds that the claims raised by Movant in his motion to vacate and motion to supplement are precluded by the limitation period in 28 U.S.C. § 2255. Accordingly, the court will recommend that both motions be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #38) be **DENIED**;

That the Motion to Amend and Supplement (Doc. #44) be **DENIED**; and

That Respondent's Motion to Dismiss (Doc. #46) be **GRANTED**;

---

[2] Like the Apprendi claim, Movant's admissions in his plea agreement render his Blakely claim meritless.

1       This recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the district court's judgment. The
4 parties shall have ten days from the date of service of a copy of this recommendation within
5 which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.
6 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
7 response to the objections. Failure to timely file objections to the Magistrate Judge's Report
8 and Recommendation may result in the acceptance of the Report and Recommendation by
9 the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,
10 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
11 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
12 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
13 recommendation. <u>See</u> Fed. R. Civ. P. 72.

14       DATED this 5th day of August, 2005.

*[Signature: Edward C. Voss]*
Edward C. Voss
United States Magistrate Judge